# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-17-131-D |
| | ) | |
| JAIME ELIZABETH GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

On October 15, 2012, Defendant pled guilty to one count of Possession With Intent To Distribute Heroin and was sentenced to thirty months' incarceration followed by five years of supervised release. Defendant completed her sentence, and on June 11, 2018, the Court received a letter from Defendant [Doc. No. 4] seeking early termination of her supervised release.[1] The United States opposes Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the Court may terminate a term of supervised release "at any time after the expiration of one year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be

---

[1] Defendant's supervised release is scheduled to end May 12, 2020 [Doc. No. 1].

considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's motion states she has completed seventeen reentry classes, acquired her GED, maintained full compliance with the restrictions imposed by her supervised release, completed all required community service, and has gained lawful employment. Her motion states she seeks early termination "to allow me to travel freely with my children and family." Mot. at 1. The United States Probation Office confirms that Defendant has participated in community service, obtained employment, and has had previous requests to travel without difficulty. Indeed, Defendant has taken many positive steps to turn her life around.

Despite these positive steps, the United States opposes Defendant's request because of the seriousness of her offense, which, as the government notes, carries a term of *at least* five years. Upon consideration, the Court finds that early termination of Defendant's supervised release is not warranted at this time. The Court agrees that Defendant should be able to engage in activities such as travel with her family;

however, she can still do so (and has done so) with permission from her probation officer. The Court reminds Defendant that her five-year term of supervised release could have been a lifetime term of supervised release. Nevertheless, the Court commends Defendant for the progress she has made during her period of supervision and encourages her to continue her positive efforts.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 4] is **DENIED**, without prejudice to resubmission at an appropriate time in the future.

**IT IS SO ORDERED** this 10th day of July 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE